**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Scott Kenton, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-04-2005-PCT-PGR |
| | ) | |
| vs. | ) | |
| | ) | ORDER and OPINION |
| Linda Foster, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's Motion to Amend Complaint, filed September 27, 2006, wherein the plaintiff seeks to amend his breach of contract complaint against Linda Foster pursuant to Fed.R.Civ.P. 15(a) to add a quiet title claim against a new defendant, Donald Van Pelt. Notwithstanding that defendant Foster has failed to respond to the motion in any manner and her time for doing so under LRCiv 7.2(c) has expired, the Court finds that the motion should be denied.[1]

---

[1] The Court finds the failure of defendant Foster's counsel, Gove Allen, to respond to the plaintiff's motion to be entirely unacceptable. Mr. Allen is admonished

- 1 -

The plaintiff's motion is the result of the Court's order (doc. #44) resolving the plaintiff's summary judgment motion.  In that order, the Court noted that it could not enter summary judgment awarding specific performance to the plaintiff in part because he had not established that the defendant still owned the real property at issue, which is a requirement under Arizona law for the issuance of an order compelling specific performance; the Court further noted that it appeared from its Internet search of the public records in Mohave County that the current listed owner of the property at issue is Mr. Van Pelt.

The plaintiff argues that he is entitled to amend his complaint under Rule 15 because the lack of the proposed amendment will likely mean that he will be unable to recover possession of the real property even if the Court orders specific performance, which will force him to commence a separate quiet title suit against Mr. Van Pelt.

Since the plaintiff is seeking to amend his complaint some 14 months after the Court's deadline for doing so, *see* Scheduling Order (doc. #19) (setting August 1, 2005 as the deadline for amending pleadings), a fact inexplicably not noted by the plaintiff in his motion, the resolution of the plaintiff's motion is governed by the more exacting "good cause" standard of Fed.R.Civ.P. 16(b), not the liberal amendment standard of Rule 15(a) relied upon by the plaintiff. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); *accord*, Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000), *cert. denied*, 533 U.S. 950 (2001).  Under the Rule 16(b) standard, the plaintiff must establish

---

that it is his responsibility as counsel of record to timely respond to every motion filed by the opposing party, even if the response is to state that his client does not oppose the motion or takes no position on the motion.

good cause for not having amended his complaint before the deadline specified in the Scheduling Order, which requires that he show his diligence in seeking the amendment. Johnson, 975 F.2d at 609; Coleman, 232 F.3d at 1294.

The Court concludes that the plaintiff, who does not discuss Rule 16 in his memorandum, has not established the good cause required by the Rule 16(b) standard.  The only portion of his motion relevant to the issue of diligence is his conclusory statement in a footnote that his ability to discover the facts and move to amend sooner was frustrated by the defendant's refusal to provide a disclosure statement and timely submit discovery responses and by her refusal to appear for her deposition.  The Court is unpersuaded by this because discovery from the defendant was not necessary to the plaintiff's ability to learn of the quitclaim deeds underlying his proposed quiet title claim amendment.  That information was available prior to the pleading amendment deadline to anyone performing an Internet search of Mohave County records pertaining to the real property at issue. According to those records, the plaintiff first quitclaimed her interest in the property on March 25, 2004, and that transaction was recorded on May 12, 2004, both of which occurred several months before this action was even commenced. The plaintiff's apparent failure to conduct a real property title search in an action seeking specific performance simply does not constitute the diligence required by Rule 16(b). *See* Johnson, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence [for Rule 16(b) purposes] and offers no reason for a grant of relief.")  The plaintiff's failure to establish the required diligence ends the Court's

1  "good cause" inquiry. *Id*.; <u>Coleman</u>, 232 F.3d at 1295.[2]   Therefore,

2      IT IS ORDERED that Plaintiff's Motion to Amend Complaint (doc. #45) is

3  denied pursuant to Fed.R.Civ.P. 16(b).

4      DATED this 25th day of October, 2006.

                        Paul G. Rosenblatt
                        United States District Judge

---

[2] Furthermore, adding the new proposed claim and defendant now would result in this two-year old case in effect having to start over, notwithstanding that it is close to having a trial date set since the parties' Joint Pretrial Statement is due on November 6, 2006 and the final pretrial conference is set for December 4, 2006. <u>Coleman</u>, 232 F.3d at 1295 (Court noted that the prejudice stemming a need to reopen discovery and therefore delay the proceedings supports a denial under Rule 16(b) of a delayed motion to amend the complaint.)

- 4 -