**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Kenton, ) | |
| Plaintiff, ) | No. CV-04-2005-PCT-PGR |
| vs. ) | |
| Linda Foster, ) | ORDER |
| Defendant. ) | |

Pending before the Court is the plaintiff's Motion for Reconsideration of Ruling on Motion for Summary Judgment, filed October 26, 2006 (doc. #47), wherein the plaintiff seeks to have the Court reverse that portion of its order entered on September 14, 2006 (doc. #44) that denied the plaintiff's request for entry of summary judgment on his claim. Having considered the motion, the Court finds that it should be summarily denied.[1]

Although the Court has the authority to consider the plaintiff's motion given

---

[1] The Court notes that the plaintiff's motion was filed some six weeks after the Court entered its order resolving the plaintiff's summary judgment motion and six business days prior to the due date for the parties' Joint Pretrial Statement.

- 1 -

that an order denying summary judgment is an interlocutory order that is subject to reconsideration by the Court prior to its entry of final judgment, a motion for reconsideration serves a very limited function - to show that the Court clearly erred by overlooking material facts or controlling law presented to it, or to show that there has been an intervening controlling decision or that there is newly discovered material evidence not previously available. Nothing the plaintiff presents in his motion persuades the Court that it should reverse its prior order and enter summary judgment for him on his request for specific performance.

First, the plaintiff still has not offered any explanation for the differing versions of the escrow instructions he presented to the Court as being the parties' real estate sales contract, and the Court still cannot determine as a matter of law from the record before it what the parties mutually agreed were the material and essential terms of their contract.[2]

Second, the plaintiff still has not submitted any affirmative evidence establishing that the plaintiff currently owns the property at issue, which is essential to show the propriety of specific performance.[3]

---

[2] The Court notes that the title company's receipt for $50,000 presented by the plaintiff as an exhibit to his motion is unauthenticated and is one that obviously could have been presented to the Court prior to the disposition of the plaintiff's summary judgment motion.

[3] The quitclaim deeds submitted by the plaintiff, which obviously were available to the plaintiff prior to the disposition of his summary judgment motion, do not resolve the issue of who currently owns the property at issue and thus specific performance cannot be granted as a matter of law even if the Court were to conclude that the defendant breached the parties' real estate sales contract.
    Even if the Court were to accept the plaintiff's argument that the defendant still has an ownership interest in the property because the quitclaim deeds, rather than conveying any interest owned by the defendant, purport to convey Mr. Van Pelt's

Both of these issues will have to be resolved by the trier of fact.

Therefore,

IT IS ORDERED that the plaintiff's Motion for Reconsideration of Ruling on Motion for Summary Judgment (doc. #47) is denied.

DATED this 1st day of November, 2006.

Paul G. Rosenblatt
United States District Judge

---

interest in the property to Mr. Huntley and then back to Mr. Van Pelt, which the Court notes that it cannot accept as a matter of law given the inconsistencies on the face of the 2004 quitclaim deed, that merely raises the issue of whether Mr. Van Pelt is currently a co-owner of the property with the defendant.

- 3 -